UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOREALIS S. HEDLING,

       *Plaintiff*,

  v.

CASA INC.,

       *Defendant*.

Civil Action No. 25 - 4268 (UNA)

# ORDER

This matter is before the court on Plaintiff Borealis Hedling's application to proceed *in forma pauperis*, ECF No. 2, and pro se complaint, ECF No. 1. Mx. Hedling commenced this action against immigration advocacy group CASA, Inc. ECF No. 1. Mx. Hedling requests a declaration that federal district courts "can immediately disbar attorneys who violate the Principles of Jus Cogens," a determination whether "attorneys have a duty of candor to the public in matters of international criminal law," an injunction allowing lawsuits to be brought "actio popularis," that is, without a personal stake in the case, an injunction "preserv[ing] the right to seek universal [i]njunctive relief," and an order making the "Universal Declaration of Human Rights a binding international instrument to which the United States is a party." ECF No. 1, at 2. Mx. Hedling has also filed two motions to expedite. ECF Nos. 4, 6. For the reasons explained below, the court will grant Mx. Hedling's application to proceed *in forma pauperis*, dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and deny the motions to expedite as moot.

A district court "shall dismiss the case any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Such dismissal is appropriate where "it is patently obvious that [the plaintiff] could not have prevailed on the facts alleged in [their] complaint." *Evans v. Urbina*, No. 09-5412, 2010 WL 1633174, at *1 (D.C. Cir. Apr. 2, 2010) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990).  Here, it is obvious that the facts alleged in Mx. Hedling's complaint fail to state a claim upon which relief can be granted.  Mx. Helding claims that as a "Practitioner of Karma Yoga and Following of the Eight Fold Path," they face "persecution" because the "US Court system [is] systematically incapable of accommodating acceptance of the [Universal Declaration of Human Rights'] commitments to act compassionately."  ECF No. 1, at 2-3.  They reference petitions before the Supreme Court of India, *id.* at 2, the Supreme Court of the United Kingdom, *id.*, and the U.S. District Court for the District of Connecticut, *id.* at 3.  But Mx. Hedling does not explain how their allegations give rise to a claim against CASA.  Indeed, they mention CASA, the sole named Defendant, in only one line of the complaint.  *Id.* at 3 (appearing to argue that CASA's duty as the respondent in a United States Supreme Court case violated "their duty of candor to the Tribunal" because the case "should have been reheard").  Mx. Hedling also appears to ask this court to order relief in violation of well-established constitutional limits, such as by abolishing Article III standing and permitting lawsuits to be brought "actio popularis," providing an advisory opinion about a lawyer's obligations in matters of "international criminal law," and ignoring the the Treaty Clause to make the "Universal Declaration of Human Rights a binding international instrument to which the United States is a party."  ECF No. 1, at 2.

The court will accordingly grant Mx. Hedling's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss their complaint, ECF No. 1, and the case with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will also deny Mx. Hedling's motions to expedite, ECF Nos. 4, 6, as  moot.  A contemporaneous order will issue.

                                                        /s/ L. Alikhan
                                        _____
                                        LOREN L. ALIKHAN
                                        United States District Judge

Date:   February 23, 2026